[Crim. No. 258.   Fourth Appellate District.—December 16, 1933.]

THE PEOPLE, Appellant, v. VIC ROSENBERG, Respondent.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Thomas Whelan, District Attorney and S. A. Bristow, Deputy District Attorney, for Appellant.

W. K. Brown, Edgar B. Hervey and J. Franklin Armstrong for Respondent.

BARNARD, P. J.—The defendant was convicted of the crime of burglary and this appeal is from an order granting his motion for a new trial.

■ The first point raised is that the court abused its discretion in making the order complained of. It is argued that while the motion was made on all of the statutory grounds set forth in section 1181 of the Penal Code, it referred specifically only to the ground of newly discovered evidence; that counsel for respondent presented that ground alone in his argument; that the court was therefore limited to that ground in considering the motion; and that the order must be reversed since the showing was not sufficient to sustain an order based upon that ground.

Necessarily the appellant concedes that the motion was made upon all of the grounds named in the statute. In making the motion, the following language was used: "At this time, your Honor, the defendant, Victor Rosenberg, moves the court for its order to set aside the verdict of the jury in this case and granting him a new trial upon all of the statutory grounds set forth in section 1181 of the Penal Code, particularly upon the ground of newly discovered evidence, which newly discovered evidence is set forth in an affidavit which I will file with your Honor at this time." While the appellant contends that the only ground argued was the matter of newly discovered evidence, there is nothing in the record to sustain the contention. The appellant also relies upon a statement made by the trial judge immediately prior to granting the motion. This statement is immaterial and not properly a part of the record, but, if it were to be considered, it indicates that other grounds were presented and considered. The court stated that he considered the showing as to newly discovered evidence to be insufficient and, after commenting on certain claims of misconduct on the part of the jury and of the district attorney and on an error in the instructions, used language plainly showing that he was not satisfied with the sufficiency of the evidence in its entirety. Irrespective of the statement made by the court in granting the motion, it appears that the motion was made upon all of the grounds named in the statute and, in the absence of any showing to the contrary, we must presume that the order was based in part upon the insufficiency of the evidence. (*People* v. *Dewar*, 49 Cal. App. 263 [193 Pac. 156].)

■ If the question of the sufficiency of the evidence was before the court, as we think it was under the motion as made, nothing is called to our attention to indicate any

abuse of discretion, much less the clear showing required in such a case. In *People* v. *Knutte*, 111 Cal. 453 [44 Pac. 166], the court said:

"The case was argued here by both parties upon the assumption that the new trial was granted upon the ground that the evidence was deemed insufficient to sustain the verdict; and while no specific ground is stated in the order of the court, it may be safely taken, from the court's action in advising the jury to acquit, that this assumption of counsel is correct. It has been so repeatedly held here as to become axiomatic that where a new trial is granted upon this ground, or where it is one of various grounds upon which the trial court may have based the order, its action will not be disturbed, except in a case showing a manifest and unmistakable abuse of discretion. This discretion is, of course, not arbitrary, but like any other judicial function, is to be exercised under the sanction of the judicial oath; and the strong presumption being always that it was so exercised, it will require in any case a very clear showing to the contrary to overcome such presumption and enable us to say that the power of the court in that respect was abused. While it is the exclusive province of the jury to find the facts, it is nevertheless one of the most important requirements of the trial judge to see to it that this function of the jury is intelligently and justly exercised. In this respect, while he cannot completely interfere with or control the jury in passing upon the evidence, he nevertheless exercises a very salutary supervisory power over their verdict; in the exercise of that power he should always satisfy himself that the evidence as a whole is sufficient to sustain the verdict found, and, if in his sound judgment it is not, he should unhesitatingly say so, and set the verdict aside. (*People* v. *Lum Yit*, 83 Cal. 130 [23 Pac. 228].) . . .

"Nor does it affect the question that the evidence in the case may have a *legal tendency* to prove all the material facts. Guilt is to be established beyond a reasonable doubt; and while there may be some evidence to support each fact, this does not signify that it is necessarily such as to satisfy the conscience of the judge that a case is made which warrants conviction."

In *People* v. *Canfield*, 173 Cal. 309 [159 Pac. 1046], in commenting on the effect of article VI, section 4½, of the

Constitution, in such a connection, the court said: "But this section of the Constitution was not designed to take from the trial court and transfer to the appellate courts the high discretion vested in that tribunal. The judge who presided at the trial of the cause, who heard the testimony, who observed the jurors and had an opportunity also of testing the truth of the defendant's statements by noticing his demeanor, was in a peculiarly favorable position for determining justly the question whether or not the defendant had been accorded a fair trial . . . We can hardly manufacture in fancy a hypothetical situation in which a reviewing court would be justified in questioning the discretion of a trial court who should grant a new trial in a case involving a criminal charge."

■ The only other point raised is that the court had no power to grant a new trial while an application for probation was pending. It appears that the respondent applied for probation and that the hearing on this application was continued from time to time. On the date last set in this manner a motion for a new trial was made and the court granted the same without first passing upon the application for probation. The appellant maintains that the right to move for a new trial was suspended during the pendency of the application for probation and that this right could not be revived until such time as the application for probation had been passed upon. The only authorities cited are *People* v. *Winner*, 31 Cal. App. 352 [160 Pac. 689], and *People* v. *Lamattina*, 38 Cal. App. 82 [175 Pac. 484]. Neither of these cases support the contention made. The only limitation placed by the statute upon the time for applying for a new trial is that the same must be made before judgment. (Pen. Code, sec. 1182.) If the circumstances are such that a new trial should be granted, it would seem to be unnecessary to continue with probation proceedings. No good reason appears why the right to apply for a new trial should be suspended during the time an application for probation is pending and, in the absence of either reason or authority, we do not feel compelled to lay down any such rule.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.