[Crim. No. 410. Fourth Appellate District.—January 27, 1937.]

THE PEOPLE, Appellant, v. FRED CESENA, Respondent.

Thomas Whelan, District Attorney, and Seymour W. Wurfel, Deputy District Attorney, for Appellant.

George A. Malette for Respondent.

JENNINGS, J.—The defendant, who had been convicted of violating section 288 of the Penal Code, moved for a new trial. The motion was granted. The trial court specified that the motion was granted on the grounds of errors of law and insufficiency of the evidence, both of which were urged by the defendant in support of the motion. From the order granting the motion the People appeal.

Appellant particularly complains that, on the hearing of the motion, the trial court erroneously admitted certain evidence consisting of an affidavit and the testimony of a member of the jury before whom the action was tried. It is contended that the evidence thus received was improper in that thereby the attempt was made to show that, in arriving at a verdict of conviction, the jury took into consideration the fact that the respondent had, on another occasion prior in time to that stated in the complaint, committed a similar offense. It is urged that the effect of the evidence thus received was to impeach the verdict on the ground of misconduct of the jury. Numerous California decisions are cited which declare that the rule is established in this state that a juror may not impeach the verdict of a jury of which he was a member except to prove that the verdict was reached by lot or chance. It will here be assumed that the contention with respect to the admission of the above-mentioned evidence is correct and that the trial court erred in its reception. It appears, however, from the record on this appeal that before granting the motion for a new trial, the court having theretofore denied respondent's motion to strike the objectionable evidence from the record, reversed its ruling, struck out the evidence and then proceeded to grant the motion for a new trial on the two grounds heretofore specified.

Appellant maintains that the transcript on appeal conclusively shows that no errors of law were committed during the trial of the action and that the evidence then submitted is ample to sustain the verdict. It is then declared that when the evidence erroneously received on the hearing of the motion for a new trial is eliminated, it is obvious that the trial court abused its discretion in granting the motion and the order from which this appeal has been taken must,

therefore, be reversed. It· is particularly observed that respondent did not testify during the trial and the record shows no conflict whatever in the evidence which tended to prove respondent's guilt of the offense with which he was charged.

Nevertheless, it is settled that, in any trial which is had with the assistance of a jury, a defendant is entitled to two decisions on the evidence, one by the jury and another by the trial judge in passing upon a motion for a new trial. (*Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660].) In giving consideration to the important matter of the sufficiency of the evidence to support the jury's verdict, the trial court, in ruling on a motion for a new trial, is not bound by conflicts in the evidence (*Moyer* v. *Dresch,* 2 Cal. App. (2d) 655 [38 Pac. (2d) 849]), and the duty is imposed upon it then to consider such additional and not unimportant features as the credibility of witnesses, their manner and appearance in testifying, and the proper weight to be accorded to the evidence. While the solemn verdict of a jury should not lightly be vacated the responsibility nevertheless rests with the court again to review the cause and only after such review to decide the application for a new trial. (*Olinger* v. *Pacific Greyhound Lines,* 7 Cal. App. (2d) 484 [46 Pac. (2d) 774].) If such review produces a conviction of evidentiary insufficiency to support the verdict it is the plain duty of the trial court to set it aside and order a new trial. (*People* v. *Bacos,* 14 Cal. App. (2d) 338, 349 [58 Pac. (2d) 221].)

The fact that the evidence submitted during the trial was wholly that of the prosecution and · stands uncontroverted by evidence produced on behalf of the respondent can make no difference in the exercise of that supervisory power which the trial court possesses over the verdict of the jury. In such a case the same duty rests upon the judge of satisfying himself that guilt has been established that is imposed upon him in cases where the evidence is conflicting. Even though all the evidence which was produced points in one direction, the court is not required to believe it. The trial judge has the same opportunity afforded to the jury of observing the manner of witnesses, the character of the testimony they give, and of discovering their motives and their interest and of judging their credibility. He should himself be satisfied that the evidence as a whole was sufficient to

sustain the verdict. If he is unable to arrive at this conclusion the granting of a new trial is not merely a proper exercise of legal discretion. It is a duty incumbent upon him by virtue of the office which he holds. (*People* v. *Knutte*, 111 Cal. 453 [44 Pac. 166]; *People* v. *Canfield*, 173 Cal. 309 [159 Pac. 1046]; *People* v. *Ferlin*, 203 Cal. 587 [265 Pac. 230]; *People* v. *Petros*, 25 Cal. App. 236 [143 Pac. 246]; *People* v. *Prudencio*, 93 Cal. App. 241 [269 Pac. 698]; *People* v. *Rosenberg*, 135 Cal. App. 766 [26 Pac. (2d) 922].)

■ Application of the above-stated principles to this appeal impels the conclusion that the trial court, in granting the motion, did not abuse the very wide discretion with which it was invested in passing upon such an application.

The order appealed from is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.