[Crim. No. 431. Fourth Appellate District.—March 19, 1938.]

THE PEOPLE, Appellant, v. WALDEMAR MATTMUELLER, Respondent.

U. S. Webb, Attorney-General, Thomas Whelan, District Attorney, and Victor C. Winnek, Deputy District Attorney, for Appellant.

Theo G. Krumm and E. L. Johnson for Respondent.

JENNINGS, J.—The defendant who had been convicted of the crime of burglary moved for a new trial. In support of the motion he urged all of the grounds which are designated in section 1181 of the Penal Code. The motion prevailed. The trial court's order granting the motion was general in its terms and did not specify any particular ground on which its action was based. From this order the People appeal.

It is here contended that the record shows that the principal grounds urged in support of the motion were, first, improper reception of certain evidence produced by appellant and, second, prejudicial misconduct of the prosecutor which

occurred during his final address to the jury. It is maintained that neither of these alleged errors would have been sufficient to require reversal of a judgment of conviction had such judgment been pronounced, hence it is argued that the trial court's action in granting a new trial is not sustainable on either of such grounds. It is further contended that the order may not be affirmed if it be assumed that the motion was granted on the ground of insufficiency of the evidence to support the verdict because it is declared that the evidence produced during the trial was ample to warrant the verdict which was returned. In this connection appellant has expended no little effort in presenting a synopsis of the evidence for the purpose of demonstrating its sufficiency.

■ With respect to appellant's last-mentioned contention, it is proper to observe that a trial court in a criminal proceeding is vested with so wide a discretion in the matter of passing upon a motion for a new trial that its action in granting the motion will be disturbed only when there is a clear showing of a manifest and unmistakable abuse of such discretion. (*People* v. *Knutte,* 111 Cal. 453 [44 Pac. 166]; *People* v. *Canfield,* 173 Cal. 309 [159 Pac. 1046]; *People* v. *Ferlin,* 203 Cal. 587, 596 [265 Pac. 230]; *People* v. *Rosenberg,* 135 Cal. App. 766 [26 Pac. (2d) 922].) ■ It has frequently been observed that a defendant in any action which is tried before a jury is entitled to two decisions on the evidence, one by the jury and the other by the trial judge in ruling upon a motion for a new trial (*Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660]; *People* v. *Bacos,* 14 Cal. App. (2d) 338, 349 [58 Pac. (2d) 221]), that the court in the latter instance in passing upon the sufficiency of the evidence is not bound by conflicts in it (*Moyer* v. *Dresch,* 2 Cal. App. (2d) 655 [38 Pac. (2d) 849]), and that, where the evidence is conflicting, such features as credibility and the manner and appearance of witnesses in testifying, and the proper weight to be accorded to evidence must be given consideration. (*People* v. *Bacos, supra.*) The responsibility resting upon a trial judge when a motion for a new trial is presented again to review a cause and only after such review to .decide the motion and the duty imposed upon the court to grant the motion if such review produces a conviction of evidentiary nonsupport of the jury's verdict are matters which have also been emphasized. (*Olinger* v. *Pacific Greyhound Lines,* 7 Cal. App.

(2d) 484 [46 Pac. (2d) 774] ; *People* v. *Cesena,* 18 Cal. App. (2d) 727 [64 Pac. (2d) 732].)

■ Examination of the record on appeal which is here presented shows that the evidence submitted by appellant was entirely circumstantial and that many of the circumstances upon which the prosecution relied to prove respondent's guilt of the offenses charged in the information were explained by him and by other witnesses who testified in his behalf. Under these circumstances it is obvious that a reviewing court may not properly declare that the trial judge abused the very broad discretion accorded him by granting respondent's application for a rehearing of the cause. Even though the reader of the cold record might conclude that the evidence was ample to sustain the conviction, reversal of the order granting a retrial is not warranted. The judge who presided at the trial of the cause and who had the opportunity of observing the demeanor and manner of witnesses as they testified and of discovering the motives that may have animated them in giving their testimony and the interest, if any, which they had in the outcome of the case occupied a superior position to that which a reviewing tribunal occupies in deciding whether or not a retrial is justified. For all that appears the trial judge may have disbelieved the testimony offered by appellant's witnesses or he may have concluded that the explanation given by respondent and his witnesses raised a reasonable doubt of respondent's guilt. These were matters which were confided to his discretion and it may not be declared from the record here presented that he abused such discretion.

■ Although no point is made of it, the fact that the court's order did not specify evidentiary insufficiency as a ground for approving respondent's application for a new trial does not foreclose this court from sustaining the order on that ground. As this is a criminal appeal, in the absence of a specification of the grounds on which the order is based and where, as here appears, the motion for a new trial included evidentiary nonsupport as one of the grounds of the motion it will be presumed that this was at least one of the reasons for granting the motion. (*People* v. *Flood,* 102 Cal. 330 [36 Pac. 663] ; *People* v. *Dewar,* 49 Cal. App. 263 [193 Pac. 156] ; *People* v. *Ray,* 91 Cal. App. 781 [267 Pac. 593] ; *People* v. *Rosenberg, supra.*)

The determination that the order granting a retrial of the cause is sustainable on the ground that the trial court concluded that the verdict was not supported by the evidence renders it unnecessary to consider whether or not certain evidence was improperly received during the trial or the propriety of respondent's complaint urged in support of his motion that the prosecutor was guilty of prejudicial misconduct.

For the reasons stated, the order of the trial court granting respondent's motion for a new trial is affirmed.

Barnard, P. J., and Marks, J., concurred.