[Crim. No. 3455.   Second Dist., Div. Two.—July 9, 1941.]

THE PEOPLE, Respondent, v. EWIN O. NORTON, Appellant.

Alexander L. Oster for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of assault with a deadly weapon after trial by jury defendant appeals. There is also an appeal from an order denying his motion for a new trial.

The evidence being viewed most favorably to the people (respondent), the essential facts are:

December 13, 1940, about 6:00 o'clock in the evening, Dr. Hugh Curtis, an optometrist, had just closed his office when defendant knocked at the door and was admitted. He discussed with the doctor the question of examining his eyes and when the doctor turned to look for an appointment book, defendant struck him on the head with a rubber hose containing a nut or bolt. He beat the doctor over the head twenty-five or thirty times until the doctor succeeded in locking him in an adjoining office and the police arrived and arrested defendant.

Defendant relies for reversal of the judgment on the following propositions:

*First: The trial court committed prejudicial error in instructing the jury.*

*Second: The trial court erred in denying defendant's motion for a new trial, for the reason that defendant's counsel was not permitted to present oral argument.*

As to defendant's first proposition, he concedes the sufficiency of the evidence to sustain the conviction. We have examined the record and find that there is substantial evidence above outlined to sustain each and every finding of fact upon which the judgment of guilty was necessarily predicated, and also that defendant virtually admitted the commission of the crime of which he was charged, by failing when accused thereof to deny his guilt. Therefore, since the law is settled that a judgment will not be set aside in any case upon the ground of misdirection of the jury, unless there has been a miscarriage of justice (art. VI, sec. 4½, Const. of Cal.; *People*

v. *Epstein*, 21 Cal. App. (2d) 488, 490 [69 Pac. (2d) 454]), we may concede without deciding that some of the instructions of the trial court upon a hypertechnical consideration may be erroneous; still defendant may not urge them as error in this court, in view of the fact that there is substantial evidence to sustain his conviction on the charge of which he was found guilty, and no prejudice or miscarriage of justice resulted to him from such alleged errors.

Defendant's second proposition is likewise without merit. At the hearing of his motion for a new trial, he having been charged and convicted on three counts, the trial judge granted a motion for a new trial as to the second and third counts but denied defendant's motion as to the first count. Defendant conceded the sufficiency of the evidence to sustain his conviction upon the first count but indicated that he desired to argue the same questions relative to instructions that he has urged before this court. The trial judge without hearing oral argument denied the motion for a new trial as to count one.

It is the general rule that it is a matter resting in the sound discretion of the trial court whether to permit oral argument on a motion for a new trial, and its refusal to do so will not in the absence of a showing of abuse of discretion be grounds for reversal (23 C. J. S. [1940] 1326, sec. 1506).

In the present case counsel has argued before this court alleged technical errors in instructions given by the trial court, which as indicated above we are bound to disregard (art. VI, sec. 4½, Const. of Cal.). We assume that it was these same alleged errors that he desired to argue before the trial judge. Therefore, obviously defendant was not in any way prejudiced by the trial court's action. In fact it is a practice to be commended for trial judges, when satisfied that they are fully advised as to the law and the facts, to conserve the time of the court and counsel by declining to listen to further oral argument. In the statement we have just made it is to be understood that counsel should at all times be afforded a reasonable opportunity to be heard, but that on the other hand it is the duty of the court to conserve its time, that of counsel, witnesses and litigants in an effort to lessen the burden upon the taxpayers arising from the administration of justice, which it is a matter of common knowledge is extremely high, even

in the most efficiently conducted courts. Chief Justice Hughes has aptly stated the situation thus:

"The judicial quality of procedure is found in the impartial hearing and the reasoned determination upon ascertained facts, and it may be speedy, summary, and, as our clients would say, business-like, without losing its character."

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 7, 1941.