[Crim. No. 4605. In Bank. Sept. 25, 1945.]

THE PEOPLE, Respondent, v. JAN FRANCIS SARAZZAWSKI, Appellant.

Leola Buck Kellogg and Montgomery G. Rice for Appellant.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

THE COURT.—Defendant appeals from a judgment imposing the death sentence and from an order denying his motion for a new trial. He was charged with the murder of Marion Berger and three prior convictions of felony. He pleaded not guilty and not guilty by reason of insanity and admitted the prior convictions. The jury found that he was guilty, made no recommendation as to penalty, and found that he was sane at the time the offense was committed. The defendant endeavored to present a motion for a new trial and the minutes of the court recite that such a motion was made, argued, and denied. Judgment of death was imposed. There is no question that the evidence amply sup-

ports the verdict and judgment but, regrettably, we find in the record several incidents which should not have occurred in a fair and orderly trial. At least two of such incidents are matters of such grave moment as to amount to substantial departures from the established elements of a fair trial, to which every person charged with crime, no matter how rich or poor, virtuous or debased, is entitled. When a defendant has been denied any essential element of a fair trial or due process, even the broad saving provisions of section 4½ of article VI of our state Constitution cannot remedy the vice and the judgment cannot stand. (*People* v. *Mahoney*, 201 Cal. 618, 627 [258 P. 607]; *People* v. *Adams*, 76 Cal.App. 178, 186-187 [244 P. 106]; *People* v. *Gilliland*, 39 Cal.App.2d 250, 264 [103 P.2d 179]; *People* v. *Duvernay*, 43 Cal.App.2d 823, 829 [111 P.2d 659].) ██ That section was not designed to "abrogate the guaranties accorded persons accused of crime by other parts of the same constitution or to overthrow all statutory rules of procedure and evidence in criminal cases. When we speak of administering 'justice' in criminal cases, under the English or American system of procedure, we mean something more than merely ascertaining whether an accused is or is not guilty. It is an essential part of justice that the question of guilt or innocence shall be determined by an orderly legal procedure, in which the substantial rights belonging to defendants shall be respected." (*People* v. *O'Bryan*, 165 Cal. 55, 65 [130 P. 1042], opinion of Mr. Justice Sloss; *People* v. *Wilson*, 23 Cal.App. 513, 524 [138 P. 971].) The two incidents above referred to are hereinafter depicted.

Two days were spent in *voir dire* examination of prospective jurors, ten days were spent in trial of the issue of guilty, and one day was spent in trial of the issue of sanity. On Tuesday morning, October 3, 1944, the jury returned with their verdict that defendant was sane. After the jury were discharged the following proceedings took place:

The trial judge stated, "I will now put the matter down for sentence on Friday [October 6] at nine o'clock in the morning." Defendant's counsel, Mrs. Kellogg, replied, "I have a jury trial on the 6th." The judge assured her that "This is before any other hours. If you will be here two or three minutes before nine, we will handle this before I handle our regular probation calendar." Mrs. Kellogg sought to move for a new trial but the judge interrupted her, saying,

"Not now. You can make it then [October 6], and it gives you more time. . . . You will be prepared then [October 6] with all the motions you wish to make, and *we will put it over for argument for about ten days from that date.*" (Italics added.) The record continues:

"MRS. KELLOGG: Ten days from that, which will be the 16th. I will be in Long Beach at that time and it will be impossible for me to be here on the 16th.

"THE COURT: It will have to be, I guess—the case starts down there on the 16th?

"MRS. KELLOGG: Yes, it is on the 16th I have to be there.

"THE COURT: A motion for new trial under these circumstances takes precedence. *You will have to be here and then go down.*" (Italics added.)

The judge's only reply to Mrs. Kellogg's repeated protest against the date of October 16 was to order an adjournment, but as subsequently shown in more detail, on October 6 he insisted that the argument be presented on that date and refused to postpone it to October 16 or to any date later than the 6th.

■ Defendant, of course, had no absolute right to have the motion for new trial heard at the convenience of his counsel. But, since the judge, at the conclusion of the trial on October 3, fixed October 6 as the date for formal presentation or statement of the motion and insisted that the matter would be continued to the 16th for argument, defendant's counsel, despite her protests against that date, was entitled to rely on that assurance and to arrange her work in accordance with it, at least until she received reasonable notice to the contrary. It does not appear from the record that she received such notice. ■ This court will take judicial notice of the fact that it is common practice for a motion for new trial to be formally made or stated on one date and for the argument thereon to be postponed to a later date. Some time before 9 o'clock a. m. on October 6 defendant's counsel did receive a telephone message from the clerk of the trial judge directing her "to be prepared to argue" on the 6th. The record does not show exactly when this message was delivered.

Defendant's counsel on October 5 served and filed her notice that on October 6 defendant would move for a new trial on the grounds that the verdict was contrary to law and the evidence; that jurors were guilty of misconduct by which a fair expression of opinion on the part of some jurors was pre-

vented; and that the deputy district attorney was guilty of prejudicial misconduct. With this notice she served and filed an affidavit tending to show misconduct of jurors.

On October 6 at 9 o'clock the matter was called and defendant's counsel stated, ''I would like to have additional time in which to argue this motion for a new trial.'' The record continues:

''THE COURT: You may take as much time as you wish.

''MRS. KELLOGG: Well, 15 days.

''THE COURT: No, today. This is the time for the hearing on the motion.

''MRS. KELLOGG: . . . I am entitled to at least 10 days in which to argue this motion for new trial, and it was fixed by the court that the argument for the new trial should be heard on the 16th of October.

''THE COURT: Well, I suggested that date to you. You said you were engaged that day. [The judge's statement, ''You will have to be here,'' seems more than a mere suggestion.]

''MRS. KELLOGG: I know, but that was the last thing I heard, and since that time I have served and filed a written affidavit, upon which I intend to stand.

''THE COURT: But that does not set forth new evidence, which is the only ground for a continuance . . . [Section 1191 of the Penal Code provides that ''the court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial,'' but does not specify any ''ground for a continuance.'' Your affidavit . . . sets forth certain hearsay, but doesn't state any facts to show misconduct on the part of the jury.

''MRS. KELLOGG: That is why I want to have time for argument of my motion for a new trial. *I am not prepared to argue it at this time.* [Italics added.]

''THE COURT: You may proceed. You can have all the time you wish. If necessary, we will go into next week.

''MRS. KELLOGG: I am not going to argue at this time, on account of the additional affidavits I have presented . . . and I would like to submit more affidavits.

''THE COURT: There isn't anything in the Code that gives any additional time. It doesn't even provide for argument. Of course, the court has to be satisfied. If you raise any points that trouble me, I would want more time to look them up myself. . . . What section do you refer to that you are

entitled to additional time? . . . The Code seems to be silent on the matter. It simply says a motion for new trial will be made and the judge will forthwith enter his ruling on the same. [Section 1182 of the Penal Code provides, "The application for a new trial must be made before judgment, and the order granting or denying the same must be immediately entered by the clerk in the minutes."] Of course, in any case where any point is raised of which I am uncertain, the purpose of a new trial being to permit a judge to correct any errors himself, before it goes on for appeal, sometimes we put it over for argument. *If I did not put it over for argument I don't see how it could be any error, because if I made a mistake, it would be because I did not correct something, and of course the Supreme Court would correct it.* [Italics added.] . . . Didn't the clerk inform you by telephone—I told him to—to have you prepared—if you entered a motion to be prepared to argue it today?

"MRS. KELLOGG: He asked me if I would argue it today, and I said I could not, I was on trial.

"THE COURT: That message was returned to me, and I said to tell you to be prepared to argue it today.

"MRS. KELLOGG: I said I could not and would not, because the court had made a ruling that it would be on the 16th of October.

"THE COURT: Well, proceed. If you raise any point that troubles me, I will put it over on my own motion. Otherwise, I will hear you now on your motion for new trial. . . . I suggested why I did not think it could be error, because *the purpose of a motion for new trial is to permit the trial judge to correct any error he feels was committed, before it is presented to the Supreme Court, but it couldn't obviously work to any prejudice to the defendant, because if there were in fact any reasons why a new trial should be granted, the Supreme Court is quite capable of granting it.*" (Italics added.)

Defendant's counsel argued and again asked for "at least ten days in which to argue this motion upon this additional affidavit that I have now filed." The record continues:

"THE COURT: I am not limiting you. It is now about 9:40. You can have all day to argue, if you wish.

"MRS. KELLOGG: I have no further argument.

"THE COURT: Very well. Do you submit the matter?. . .

"MRS. KELLOGG: I have to."

The judge then, forthwith, denied the motion.

The above quoted excerpts disclose, not only that counsel for the defendant was misled as to the date upon which she would be required to argue the motion, but also that the trial judge entertained an egregious misconception of his duties and of the relative powers and functions of the trial court and reviewing court in respect to such a motion. He twice stated that "the purpose of a motion for new trial is to permit the trial judge to correct any error he feels was committed" and that his refusal to put the matter over "couldn't obviously work to any prejudice to the defendant, because if there were in fact any reason why a new trial should be granted, the Supreme Court is quite capable of granting it."

█ One ground of defendant's motion was asserted prejudicial misconduct of the district attorney. A trial judge is in a better position than is an appellate court to determine the probable effect of misconduct of counsel and his conclusion on that question will not be disturbed by an appellate court unless in the circumstances it is plainly wrong. (*Walling* v. *Kimball*, 17 Cal.2d 364, 369 [110 P.2d 58], and cases there cited.)

█ Another ground of defendant's motion for new trial—misconduct of the jury—presents a question of fact. If evidence of the asserted misconduct is conflicting the decision of the trial judge is conclusive on appeal. (*People* v. *Ung Sing*, 171 Cal. 83, 88 [151 P. 1145]; *People* v. *Lee Yick*, 189 Cal. 599, 610 [209 P. 538]; *People v. Hanks*, 35 Cal.App.2d 290, 301 [96 P.2d 478].)

█ Another ground of defendant's motion—that the verdict is contrary to the evidence—presents an issue to the trial court upon which an appellate court cannot pass: We cannot appraise the weight of the evidence. Appraising the weight of the evidence is exclusively the province of the trial court. We may review evidence only for its legal sufficiency. So also, the *effect* of error, under the evidence, is primarily for the trial court and its determination on that question is usually conclusive.

The "defendant is entitled to two decisions on the evidence, one by the jury and another by the trial judge in passing upon a motion for a new trial. [Citation.] In giving consideration to the important matter of the sufficiency of the evidence to support the jury's verdict, the trial court, in

ruling on a motion for a new trial, is not bound by conflicts in the evidence [citation], and the duty is imposed upon it then to consider such additional and not unimportant features as the credibility of witnesses, their manner and appearance in testifying, and the proper weight to be accorded to the evidence. While the solemn verdict of a jury should not lightly be vacated the responsibility nevertheless rests with the [trial] court again to review the cause and only after such review to decide the application for a new trial. [Citation.]'' (*People* v. *Cesena,* 18 Cal.App.2d 727, 729 [64 P.2d 732].)

█ The trial judge has broad discretion in passing on a motion for new trial on the ground that the verdict is contrary to the evidence and his action, whether in denying or particularly in granting the motion, will not be disturbed on appeal unless it clearly appears that he abused such broad discretion. (*People* v. *Canfield,* 173 Cal. 309, 312 [159 P. 1046]; *People* v. *Simpson,* 134 Cal.App. 646, 649 [25 P.2d 1008].)

█ But the record here tends strongly to suggest that the present case is not one where the judge denied the motion in the exercise of a broad discretion. It appears rather that he did not give the second decision on the weight of the evidence to which defendant was entitled. █ An appellate court cannot order a new trial on the ground of insufficiency of the evidence if there is any substantial evidence by which the verdict can be supported. (*People* v. *McClennegan,* 195 Cal. 445, 449-450 [234 P. 91]; *People* v. *Schafer,* 198 Cal. 717, 721 [247 P. 576].) █ But a trial court can grant a motion for new trial where the evidence is legally sufficient and even where the only evidence is that of the prosecution. (*People* v. *Knutte,* 111 Cal. 453, 456 [44 P. 166]; *People* v. *Cesena, supra,* 18 Cal.App.2d 727, 729; *People* v. *Mattmueller,* 25 Cal. App.2d 418, 421 [77 P.2d 504].)

█ As previously indicated the evidence in this case amply supports the verdict but that fact cannot justify us in sustaining a judgment pronounced after a denial of any essential element of a fair trial or of due process of law.

Even if we assume that the trial judge did exercise judicial discretion in passing upon the weight and sufficiency of the evidence, the circumstances attending the presentation and argument of the motion for a new trial are not consonant with a fair trial or due process as including a fair and reasonable opportunity to be heard.

A motion for a new trial is a legislatively established procedure which it is the right of any convicted defendant to invoke. While due process of law does not require that the Legislature provide such a procedure (8 Cal.Jur. p. 414, § 442; 23 C.J.S., p. 1116, § 1418), when it has been provided a defendant may not arbitrarily be deprived of the right to pursue it. In the presentation, hearing, and disposal of the motion the parties and the court are engaged in a trial. In *Finn* v. *Spagnoli,* 67 Cal. 330, 332 [7 P. 746], it was held that "the hearing and disposition of a motion for new trial is a trial." (See, also, *Goldtree* v. *Spreckels,* 135 Cal. 666, 669 [67 P. 1091].) That counsel for a defendant has a right to reasonable opportunity to prepare for a trial is as fundamental as is the right to counsel. "It would be a cheap subterfuge of and a senseless mockery upon justice for the state to put a man on trial in its courts, charged with an offense which involved his life, liberty, or character, and then place him in such a position that he could not prepare to make his defense. . . . In fact, there can be no such thing as a legal trial, unless both parties are allowed a reasonable opportunity to prepare to vindicate their rights. . . ." (Quoted from *State* v. *Davis,* 9 Okla.Cr. 94, 97 [130 P. 962, 44 L.R.A.N.S. 1083], in *In re Rider,* 50 Cal.App. 797, 799 [195 P. 965], and in *People* v. *Simpson,* 31 Cal.App.2d 267, 271 [88 P.2d 175].) Here, the asserted willingness of the trial judge to permit defendant's counsel to argue "all day" and "into next week" was directly coupled with his refusal to continue the matter for even one day beyond October 6 despite the facts that on October 3 he had insisted that the argument must be had on the 16th and that counsel positively averred that in reliance upon such insistence she was not prepared to argue the motion on October 6. In the light of all the circumstances the right of the defendant to a reasonable opportunity to present his motion for a new trial and to have it judicially entertained and passed upon appears to have been so grievously impaired as to be tantamount to a refusal to hear it. Section 1202 of the Penal Code provides that "If the court shall refuse to hear a defendant's motion for a new trial . . . then the defendant shall be entitled to a new trial." Although it has been held that in some circumstances a trial judge in the exercise of his discretion may refuse defendant's request to orally argue a motion for new trial (*People* v. *Norton,* 45 Cal.App.2d 789, 791 [115 P.2d 44]),

such action should be sustained only where it is apparent that the party has not thereby been deprived of a substantial right. In the cited case it appears that the trial judge gave judicial consideration to the motion. He granted it as to two of three counts. It further appears to have been undisputed that the only argument counsel there was foreclosed from presenting concerned "alleged technical errors in the instructions given by the trial court." "Misdirection of the jury" is a type of error included in the saving language of section 4½ of article VI of the state Constitution, which directs that "No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." ▮ Refusal to permit counsel for the defendant a reasonable opportunity to both prepare and present a motion for a new trial is, under the circumstances shown here, more than a mere error in procedure. It amounts to a deprival of a substantial statutory right and is not covered by the quoted constitutional provision.

▮ The second of the two most serious errors above mentioned lies in an instruction given to the jurors during their *voir dire* examination. They were told by the trial judge, "By the way I think I ought to, since we have some new jurors—if you forget anything, honestly forget it, and then you are sworn in as a juror in the case, it is too late to do anything about it. I have had jurors suddenly remember something and get up and try to tell me about it. It is embarrassing for all parties. At that point it is your own secret. After you have been candid and honest in your voir dire examination and you are accepted as a juror and sworn, then anything which you know after that, if you innocently discover you made a mistake in your answers, or remember you did not say something, it is your secret. Don't say anything more about it."

Under this instruction any disqualification discovered or remembered by a juror, whether a general or a particular cause of challenge, would have to remain forever undisclosed, once the jury were sworn. The instruction potentially exacts of the jurors conduct in direct violation of the provision

of section 1120 of the Penal Code that "If a juror has any personal knowledge respecting a fact in controversy in a cause, he must declare the same in open court during the trial. If, during the retirement of the jury, a juror declare a fact which could be evidence in the cause, as of his own knowledge, the jury must return into court. In either of these cases, the juror making the statement must be sworn as a witness and examined in the presence of the parties."

The defendant has not shown that any juror, subsequent to being sworn, discovered that he was subject to disqualification or that he possessed personal knowledge concerning a fact in controversy, but we are of the view that such a showing is unnecessary. It should not be required because the very substance and nature of the error would normally operate to preclude the possibility of such a showing. Every juror who found that he possessed such disqualification or personal knowledge would be bound by the instruction not to reveal it. The defendant thus would be foreclosed from gaining the essential information from what in many cases might be its only repository. ▉ Section 4½ of article VI does not contemplate a situation where defendant "without fault has been denied an opportunity to determine whether or not he has been prejudicially injured." (Opinion of this court denying hearing in *People* v. *Stevenson,* 103 Cal.App. 82, 93 [284 P. 487].) ▉ We are satisfied that the instruction must be regarded as error prejudicial *per se,* so fraught with dangerous potentialities as not to be reconcilable with our concept of the necessary attributes of a fair trial and due process, including the rights to be confronted by the witnesses and to have the protection afforded by the provisions of the statute quoted. (Pen. Code, § 1120.)

For the reasons above stated the judgment and order appealed from are reversed and the cause is remanded for a new trial.