[Crim No. 2485.  Third Dist.  Oct. 28, 1954.]

THE PEOPLE, Respondent, v. EMIL JOSEPH ECK-DAHL, Appellant.

Emil Joseph Eckdahl, in pro. per., and Wallace T. Hyde, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Frederick G. Girard, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—By information defendants Eckdahl, Dellett and Brown were charged with the crimes of assault with a deadly weapon with intent to commit murder, and robbery.  Trial before a court sitting with a jury resulted in verdicts of guilty as to both counts against Eckdahl and Dellett.  Brown was found guilty of robbery.  Eckdahl appeals from the judgment and from the court's order denying his motion for a new trial.  The assignments of error relate solely to alleged misconduct of the district attorney in argument.  No contention is made that the evidence did not substantially support both convictions.

During the afternoon of April 3, 1953, a highway patrolman stopped an automobile driven by defendant Brown in which Eckdahl and Dellett were riding. The patrolman stopped the car in order to check its registration. All three defendants got out of the car, Dellett bringing with him a 38-caliber Air Force survival rifle. He pointed the gun at the patrolman and told him to put up his hands. The officer did so and appellant took from him his gun, belt and holster. Dellett attempted to fire through the tire of the patrolman's motorcycle, but the rifle misfired. The three men then got into their car and fled. The patrolman called for aid and another patrolman who was close by in an automobile, being alerted, ordered the fleeing car to stop when it passed him. The order was ignored and the second patrolman gave chase. A number of shots were exchanged between the occupants of the two vehicles. The fleeing car was finally stopped and the three men taken into custody. In the car were found the first patrolman's revolver, belt and holster. The revolver had been fired a number of times. The rifle was also found and many rounds had been fired from it. Some bullets had gone through the windshield of the pursuing patrolman's car and one of the officer's bullets had wounded appellant.

██ Appellant assigns as prejudicial misconduct the following portion of the deputy district attorney's argument to the jury : ''There are three real tough guys. I just wonder how tough they are when they get the odds up against them. When the odds were even, they weren't tough at all, they threw their guns down like a bunch of rats. It always gets me, when I think of one thing, I think of a bunch of decent guys over in a place like Korea, and when there is guys like this running around——'' Likewise prejudice is claimed from the following statement in the closing argument for the People : ''The evidence in this case, Ladies and Gentlemen, as I said once before, is so overwhelming that it is incredible to believe these defendants would enter a plea of not guilty.'' When the first quoted statement was made appellant's counsel objected that the comment was improper, ''out of place and outside the evidence.'' The trial court promptly admonished the jury to disregard the statement and to be guided by the evidence and the law as given by the court. When the second quoted statement was made appellant's counsel again objected and asked the court to admonish the jury, with which request the court complied.

It is unnecessary for us to pass upon the strict propriety

of the remarks of People's counsel. In view of the great weight of the evidence pointing to the guilt of the defendants as found by the jury, and in further view of the admonitions given by the court to the jury, and, finally, in view of the fact that the trial court, having observed the entire conduct of the trial, denied a motion for new trial based upon the errors asserted here, this court is clearly bound to affirm the judgment and the order appealed from under the provisions of the California Constitution. (Art. VI, § 4½; see *People* v. *Black,* 45 Cal.App.2d 87, 98 [113 P.2d 746]; *People* v. *Alba,* 46 Cal.App.2d 859 [117 P.2d 63]; *People* v. *Sarazzawski,* 27 Cal.2d 7, 15 [161 P.2d 934].)

The judgment and the order appealed from are affirmed.

Peek, J., and Schottky, J., concurred.