[Crim. No. 4300. First Dist., Div. Three. Oct. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT BARTON MALDONADO, Defendant and Appellant.

James R. Tormey, Jr., under appointment by the District Court of Appeal, and Tarver & Tormey for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—Appellant was convicted of sodomy and lewd acts committed against a 12-year-old boy. The defense was general denial and alibi. No contention is made that the evidence is insufficient to sustain the judgment. ▮▮▮ The

single ground for appeal is the claim that there was misconduct on the part of the jurors and that it was an abuse of discretion for the trial court to deny appellant's motion for new trial.

### First Episode of Claimed Misconduct

Appellant's grandmother, who was a witness for him at the trial, testified, on hearing of the motion for new trial, that during a recess of the trial, she heard a juror, the one who later became foreman, say to another man, "they going to give about two or three years." She thereupon accosted the men, called them liars and said, "what two or three years, why. He is innocent." The bailiff, who saw the lady speaking but did not hear what she said, except the word "liar," stopped her. He testified at first that she was addressing jurors, but later, that he did not recognize the persons addressed as having been jurors. The lady was asked if she heard her grandson referred to by name, and she said no, but it was his jury, he was the only one in court, and "If it wasn't him, they didn't tell me it is not him."

She testified (there was no objection to this, although it was hearsay) that a 15-year-old boy, who had also been a defense witness, had told her that he had heard the deputy district attorney say to the jurors, "I am going to pin him, see."

The boy denied that he had heard the deputy district attorney say this, denied that he, the boy, had said so to appellant's grandmother, and said that he had not seen the deputy district attorney talk to any juror, or any juror talk to the deputy; but he did see and hear what is related about the second episode, below.

The foreman of the jury testified that he could not recall any incident involving the grandmother except that after the trial she broke down and was restrained by the bailiff from approaching the jurors as they filed out. He testified he knew absolutely nothing about the incident which the grandmother had testified about, did not recall her approaching him, saying anything, shouting "liar," and never noticed any outburst from the lady in the hallway. The court reporter testified that she noticed a commotion in the hall as she was returning to the courtroom and saw the bailiff talking to the grandmother.

The judge interrogated all of the jurors, under oath. They all denied any knowledge of the incident.

*Second Episode of Claimed Misconduct*

The 15-year-old boy testified that while he was looking out the window he heard someone say, "Don't worry, you will win the case"; that he turned and saw the deputy district attorney walking in with some of the jurors, and one man in particular was gesturing. He identified this man as the foreman. He did not hear the deputy district attorney talk to any juror.

The deputy district attorney denied that he had spoken to the jurors, except perhaps to say good morning, and the foreman and all of the other jurors testified that they did not speak to the deputy district attorney except by way of salutation.

*Decision*

 The question of the jurors' misconduct is addressed to the sound discretion of the trial court, and an appellate court will not reverse a judgment on claimed misconduct of a juror unless there is a clear abuse of discretion. If evidence of the asserted misconduct is conflicting, the decision of the trial judge is conclusive on appeal. (*People* v. *Sarazzawski,* 27 Cal.2d 7, 15 [161 P.2d 934]; *People* v. *Ung Sing,* 171 Cal. 83, 88 [151 P. 1145].)

 We find no abuse of discretion, but, on the contrary, a decision based upon painstaking inquiry by the trial judge. The oaths of the jurors and of the deputy district attorney provided more than enough evidence to justify the court's action.

It is argued that the bailiff's testimony that the grandmother upbraided the jurors is wholly incompatible with the jurors' testimony that they were unaware of the happening. If this were granted, it would still be the trial judge's prerogative to decide on the fact; but, as pointed out above, the bailiff was uncertain as to just whom the lady was addressing; and the court observed that jurors from other departments are in the hallways.

As to appellant's contention that the furor must have been observed by the jurors because it was noticed by the court reporter from some distance, the same rule applies: It was for the trial judge to decide whether the jurors in this particular case were guilty of misconduct.

Judgment affirmed. Appeal from order denying motion for new trial dismissed.

Draper, P. J., and Salsman, J., concurred.