**Harold JACKSON, Appellant,**

v.

**The PEOPLE of the State OF CALI-FORNIA, Appellee.**

**No. 19052.**

United States Court of Appeals
Ninth Circuit.

Aug. 14, 1964.

Paul A. Mansfield, San Jose, Cal., for appellant.

Stanley Mosk, Atty. Gen. of Cal., Raymond M. Momboisse, Deputy Atty. Gen. of Cal., Sacramento, Cal., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

HAMLIN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of California, Northern Division, denying the petition of Harold Jackson, appellant herein, for a writ of habeas corpus. Jurisdiction of this court is based upon 28 U.S.C. § 1291 (1958). Defendant was convicted after a jury trial in the Superior Court of the State of California in and for the City and County of San Francisco of kidnapping with resultant bodily harm. Since the death penalty was imposed, appellant took an automatic appeal to the California Supreme Court. People v. Jackson, 44 Cal.2d 511, 282 P.2d 898 (1955). That court reversed the finding of bodily harm (and with it the death penalty) on grounds of insufficient evidence, but affirmed the conviction of kidnapping for the purpose of ransom, and directed the superior court to impose a sentence of life imprisonment. Appellant did not petition the United States Supreme Court for a writ of certiorari after that decision.

Some six years later appellant applied to the California Supreme Court for a writ of habeas corpus on the grounds of misconduct of the trial judge and the prosecuting attorney. The California Supreme Court denied his petition and the Supreme Court of the United States denied certiorari.

Appellant then brought this habeas corpus petition in the United States District Court for the Northern District of California, Northern Division, on November 15, 1962. The district court issued an order to show cause to the warden of Folsom Prison. The warden made a written return thereto in which there was set out a summary of certain evidence given in the trial and in which certain legal contentions were made opposing the petition. On December 12, 1962, appellant filed a written traverse to the warden's return. Thereafter, on May 9, 1963, the district court filed a written memorandum and order denying appellant's petition for a writ of habeas corpus. Timely notice of appeal to this court was filed by appellant and his accompanying application for a certificate of probable cause was denied by the district court on the ground that the proposed appeal was without merit and not taken in good faith. A certificate of probable cause was later granted by this court.

The main contention made by appellant in the district court and in this court is that he has been denied a fair and impartial trial in violation of the due process requirement of the fourteenth amendment to the United States Constitution. The appellant makes no claim that the facts as to what occurred at the trial are in dispute. Indeed, he relies upon the facts shown in the record in the case. Upon oral argument counsel stated that the facts were not in dispute. Thus a hearing in the district court was not necessary.[1]

At his trial in the state court, Jackson's main defense was that the asserted kidnapping was a hoax devised between Jackson and the victim to extort money from the victim's father. He also contended that the victim suffered no bodily harm during the claimed kidnapping. On appeal appellant also claimed that during his trial the trial judge and the prosecuting attorney were guilty of misconduct which required reversal. The contentions of appellant and the occurrences at the trial were discussed in detail by the Supreme Court of California in its opinion and rather than unduly lengthen this opinion we refer to that discussion, 44 Cal.2d at 517–521; 282 P.2d at 901–903. After this detailed discus-

1. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

sion the Supreme Court said, id. at 521, 282 P.2d at 903–904,

> "If this were not a case in which the overwhelming weight of the credible evidence tends to establish the guilt of the defendants of one of the crimes of which they are charged, the misconduct of the judge and prosecuting attorney, together with other errors, would compel the judgments of conviction to be reversed in their entirety.
>
> "Under the mandate of Article VI, section 4½ of the Constitution this court must dispose of the cause in such manner as to avoid a miscarriage of justice. It is conceded that the great weight of the evidence shows a kidnapping for the purpose of ransom. However, except for the manner in which the trial was conducted, the jury might have found in favor of the defendants on other issues presented by indictment."

The court thereupon reversed the conviction as to the death penalty and directed the trial court to impose a sentence of life imprisonment for the crime of kidnapping for the purpose of ransom.

■■ Article VI, section 4½ of the California Constitution reads as follows:

> "No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

A defendant is entitled to a fair trial and the protection of the due process requirements of the fourteenth amendment even though the evidence of his guilt is

overwhelming. Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945). That section 4½ does not act to prevent a reversal where the established elements of a fair trial have been denied a defendant was pointed out by the California Supreme Court in People v. Sarazzawski, 27 Cal.2d 7, 10–11, 161 P.2d 934, 936 (1945), where the court stated:

> "There is no question that the evidence amply supports the verdict and judgment but, regrettably, we find in the record several incidents which should not have occurred in a fair and orderly trial. At least two of such incidents are matters of such grave moment as to amount to substantial departures from the established elements of a fair trial, to which every person charged with crime, no matter how rich or poor, virtuous or debased, is entitled. When a defendant has been denied any essential element of a fair trial or due process, even the broad saving provisions of section 4½ of article VI of our state Constitution cannot remedy the vice and the judgment cannot stand. [Citing cases.] That section was not designed to 'abrogate the guaranties accorded persons accused of crime by other parts of the same Constitution or to overthrow all statutory rules of procedure and evidence in criminal cases. When we speak of administering "justice" in criminal cases, under the English or American system of procedure, we mean something more than merely ascertaining whether an accused is or is not guilty. It is an essential part of justice that the question of guilt or innocence shall be determined by an orderly legal procedure, in which the substantial rights belonging to defendants shall be respected.' [Citing cases.]"

Later California cases have adhered to these principles.[2]

---

2. People v. Rogers, 56 Cal.2d 301, 307, 14 Cal.Rptr. 660, 663, 363 P.2d 892, 895 (1961); People v. Elliot, 54 Cal.2d

498, 506, 6 Cal.Rptr. 753, 758, 354 P. 2d 225, 230 (1960); In re Winchester, 53 Cal.2d 528, 531, 2 Cal.Rptr. 296, 298,

■ The question before us is whether, conceding all that occurred at the trial, the appellant was denied his constitutional right to a fair trial. As stated in Sampsell v. California, 191 F.2d 721, 725 (9th Cir. 1951), cert. denied, 342 U.S. 929, 72 S.Ct. 369, 96 L.Ed. 692 (1952):

"Our function in this type of proceeding is not to correct errors committed in a state trial court. Frank v. Mangum, 1915, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969. ' "[T]he state has full control over the procedure in its courts, both in civil and criminal cases; subject only to the qualifications that such procedure must not work a denial of fundamental rights, or conflict with specific and applicable provisions of the Federal Constitution." ' Murphy v. Massachusetts, 1900, 177 U.S. 155, 163, 20 S.Ct. 639, 642, 44 L.Ed. 711. We must here determine whether the writ of habeas corpus should have issued upon the ground that petitioner is in custody in violation of the constitution or laws or treaties of the United States. Title 28 U.S. C.A. § 2241(c) (3).

"Federal courts must withhold interference with the administration of state criminal justice unless a federal right has been violated.

* * *

"The issue in this type of proceeding is not whether the statements of the district attorney deprived petitioner of trial by jury, see Palko v. Connecticut, 1937, 302 U.S. 319, 325, 58 S.Ct. 149, 82 L.Ed. 288, but whether his conviction was the result of an unfair trial, Adamson v. California, 1947, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903, and therefore deprived him of life, liberty, or property without due process of law."

The district court in its memorandum order set forth his appraisal of the trial as shown in the margin.[3]

■ As did the district court, we also have examined the record and we have carefully read all of the many pages of the record which have been referred to in appellant's opening and closing briefs. We agree with the district court and with the Supreme Court of California that at times the statements of the trial judge

348 P.2d 904, 906 (1960); People v. Dorman, 28 Cal.2d 846, 852, 172 P.2d 686, 690 (1946).

3. "Although the conduct of the trial judge and the district attorney are not to be condoned, and could certainly stand independently to sustain a reversal and the granting of a new trial, the conduct was not so gross, in considering the record as a whole, as to rise to constitutional proportions. Certainly the remarks, considering the whole record and length of the trial (The trial lasted from March 29, 1954, to May 6, 1954), are not sufficient to 'move a federal court to hold, over the judgment of the State Supreme Court, that the trial was unfair to the point of violating the Fourteenth Amendment to the Constitution of the United States or in violation of any other section of that charter.' [Citing Sampsell.]

"The record contains the account of many demonstrations, contemptuous conduct, vulgarity, and disrespect for the law and the court, on the part of petitioner. The case hinged on the credibility of the victim as opposed to the credibility of petitioner. When petitioner denied his own mother and brother (The brother appeared in court for visual identification and similarity, and testimony as to petitioner's true identity.), his testimony was shown to be completely untrustworthy in this regard (as well as other points throughout the trial), and the jury had a clear course. The ill considered remarks by the court and the prosecutor could add very little to the inevitability of a judgment of conviction brought about by petitioner's own conduct. The principal complaint of petitioner to the trial judge's remarks were associated with the death penalty. The Supreme Court of California has, however, reversed the death penalty, thus eliminating the prejudicial sting of those remarks. What is left is hardly more than what might well be expected from a prolonged, heated and tense trial, especially in view of petitioner's deportment therein."

and of the prosecuting attorney were improper and should not have been made. However, considering all of the evidence in the case, the length of the trial, the provocation offered by appellant, the more than abundant evidence of the guilt of the defendant, the inconsistent statements of the appellant, and all of the other factors that entered into the hotly contested trial, we cannot say that the errors, if any, committed in the trial court or any of the occurrences therein were of such stature that thereby the appellant was constitutionally deprived of a fair trial or of due process. Nor can we say as stated in Sampsell v. California, supra, "over the judgment of the state Supreme Court, that the trial was unfair to the point of violating the Fourteenth Amendment to the Constitution of the United States or in violation of any other section of that charter."

The judgment is affirmed.