[Civ. No. 888.  Second Appellate District.—February 14, 1911.]

## ANNA B. WEBSTER, Respondent, v. B. F. SUITER, Appellant.

ORDER GRANTING NEW TRIAL—GROUNDS OF MOTION—GENERAL ORDER— REVIEW UPON APPEAL—INSUFFICIENCY OF EVIDENCE.—Where a motion for a new trial was made on various statutory grounds, and among them specified that the evidence was insufficient to justify the decision of the court, and the discovery of new evidence material to the plaintiff's case which she could not have produced with reasonable diligence, and the order granting the motion is general, it must be presumed that all of the grounds of the motion were considered by the court in granting the motion, and the order may be sustained on the ground of insufficiency of the evidence to justify its decision.

ID.—ARGUMENT AT HEARING—RIGHTS OF RESPONDENT.—The respondent may justify the order granting the motion for a new trial upon any ground involved in the motion, whether such ground was argued at the hearing or not; and if it be a fact that all of the

argument at the hearing was addressed to the ground of newly discovered evidence, that fact **cannot** preclude the support of the order on the assigned ground of insufficiency of the evidence to justify the decision of the court.

ID.—DISCRETION NOT ABUSED.—If the order as made can be sustained on the ground that the court did not abuse its discretion in granting the motion for insufficiency of the evidence, it must be affirmed. It is held that upon the evidence given at the trial, and as shown in the bill of exceptions, it cannot be said that the court improperly exercised its discretion in making the order complained of on that ground.

APPEAL from an order of the Superior Court of Kern County granting a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

George E. Whitaker, for Appellant.

W. W. Kaye, for Respondent.

JAMES, J.—Defendant appeals from an order of the superior court granting the motion of plaintiff for a new trial. The action was brought upon a promissory note executed by defendant. It was claimed on the part of the defendant that the note had been paid by the assignment of another promissory note owned by defendant. The latter note defendant had delivered to the Bank of Kern with the understanding, as he testified, that it was to be received by said bank in extinguishment of the indebtedness owing by him to plaintiff's assignor on the note here sued upon, and also in extinguishment of an indebtedness owing by defendant to said bank. Defendant sought to prove that the Bank of Kern, in receiving the note under the alleged agreement mentioned, was acting on its own behalf and also as the agent of plaintiff's assignor. These matters were controverted by evidence offered on behalf of the plaintiff, and the trial court made its findings in favor of defendant. Subsequently thereto plaintiff gave notice of intention to move for a new trial on various statutory grounds, among them specifying that the evidence was insufficient to justify the decision of the court, and also that she had discovered new evidence material to her case which she could not have produced with reasonable diligence

at the trial. The motion for a new trial was thereafter presented and the court made a general order directing that the same be granted. For aught that appears in the record, the motion for a new trial may have been granted because of the insufficiency of the evidence, and if it was granted for that reason, of course, under the well-established rule governing the review of such matters on appeal, the order cannot be disturbed. Counsel for appellant in his brief makes the statement that the only showing made by plaintiff in the lower court in support of her motion for a new trial was by submitting affidavits of newly discovered evidence, which he insists were not sufficient to authorize the court to grant said motion. There is nothing in the record, however, which substantiates this contention, and even if it was a fact that all of the argument made at the hearing of the motion for a new trial was directed to the point as to evidence newly discovered by the plaintiff, the plaintiff would still be entitled to have all of the grounds mentioned in her notice of intention to move for a new trial considered by the trial court, and we must presume that they were so considered. In the case of *Sherwood* v. *Kyle,* 125 Cal. 655, [58 Pac. 270], an order had been made granting a motion for a new trial, and in the course of a discussion upon the subject of the right of the appellant there to have the order reviewed on appeal, the supreme court said: ''It is not necessary to discuss the other points made on the motion for a new trial. They are, however, all involved on this appeal, for the court cannot foreclose the defendant as to any of them by granting a new trial upon some one ground. Except where one ground is as to the insufficiency of the evidence, and this only as to the ruling upon that one point, it is utterly immaterial here upon what ground the new trial was granted. The respondent may defend the ruling upon any point involved in his motion.'' We quote also from the case of *Harrison* v. *Sutter St. Ry. Co.,* 116 Cal. 161, [47 Pac. 1019]: ''That the granting of a new trial is a thing resting so largely in the discretion of the trial court that its action in that regard will not be disturbed except upon the disclosure of a manifest and unmistakable abuse has become axiomatic, and requires no citation of authority in its support. . . . But so long as a case made presents an instance showing a reasonable or even fairly de-

batable justification, under the law, for the action taken, such action will not be here set aside, even if, as a question of first impression, we might feel inclined to take a different view from that of the court below as to the propriety of its action. More especially is this true where, as here, the question rests largely in fact, and involves the proper deduction to be drawn from the evidence. The opportunities of the trial court in such instances for reaching just conclusions are, as a general thing, so superior to our own, that we will not presume to set our judgment against that of the former, where there appears any reasonable room for difference.''

It becomes unnecessary, then, to consider whether or not the affidavits by which a showing of newly discovered evidence was attempted to be made, were sufficient to authorize the granting of the motion. The trial court had the right to consider the matter of the sufficiency of the evidence to justify the decision, and, if it was dissatisfied with its conclusion thereon, to grant the motion for a new trial. If the order as made can be sustained on the ground that the court did not abuse its discretion in granting the new trial for this reason, it must be affirmed. Upon the evidence given at the trial and as shown in the bill of exceptions, it cannot be said that the court improperly exercised its discretion in making the order complained of.

The order is affirmed.

Allen, P. J., and Shaw, J., concurred.