[Crim. No. 1355. First Appellate District, Division Two.—July 29, 1927.]

THE PEOPLE, Appellant, v. ED. H. HEBERN, Respondent.

U. S. Webb, Attorney-General, Earl Warren, District Attorney, and R. H. Chamberlain, Deputy District Attorney, for Appellant.

T. C. West for Respondent.

NOURSE, J.—Defendant was tried on an information charging a violation of the Corporate Securities Act (Stats. 1917, p. 673). The jury returned a verdict of conviction, but the trial judge granted defendant's motion for a new

trial made upon all the statutory grounds. From this order the state has appealed upon a typewritten record.

The information charged that the defendant, as president of the Hebern Electric Code, Inc., authorized and assisted in the sale of two hundred shares of second preferred stock of said corporation at the price of five dollars per share, which price was in excess of the price fixed by the terms of the permit of the commissioner of corporations authorizing the issue of said securities. Ample evidence was offered to prove all the essential facts alleged in the information, but this was controverted to some extent by testimony offered by the defendant tending to show that the stock sold to the complaining witness was at the time owned by the defendant's brother-in-law to whom it had previously been sold by the defendant at a price not disclosed. Because of this testimony the defendant insisted that no crime was committed, inasmuch as the Corporate Securities Act only covered the sale of stock to which the corporation had title. In rebuttal of this testimony the state attempted to trace the stock back to an original issue of treasury stock from the corporation to the defendant, which issue it claimed to be void because the stock had not been paid for by the defendant.

If the verdict had been allowed to stand we would have been compelled to say that it was amply supported by the evidence as all the testimony offered by the state tended to show a deliberate effort on the part of the defendant to proceed in violation of the terms of the Corporate Securities Act. ■ However, discretion has been reposed in the trial judge to pass upon the evidence, notwithstanding the verdict of the jury, and the rule has become fixed that when the trial judge, having reviewed the evidence, reaches the determination that a miscarriage of justice has resulted it is his province to grant a new trial.

■ The function of an appellate court on an appeal from an order granting a new trial in a criminal case is stated in *People* v. *Brooks*, 90 Cal. 174 [27 Pac. 72], where the court said: "and when one of the grounds upon which it (a new trial) is asked is that the verdict is contrary to the evidence given in the cause, the action of that court in granting the motion will not be reversed by this court, unless

the record clearly shows that there was no evidence which conflicted with that upon which the verdict rested."

The order is affirmed.

Sturtevant, J., and Koford, P. J., concurred.