[Crim. No. 1795. Second Appellate District, Division Two.—May 17, 1929.]

THE PEOPLE, Appellant, v. HARRY I. HARBAND, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy
Attorney-General, Warner I. Praul, Deputy Attorney-
General, Stephen Connell, District Attorney, and E. N.
Clark, Deputy District Attorney, for Appellant.

Elwin L. Eckert for Respondent.

THOMPSON (IRA F.), J.—The grand jury of San Diego
County returned an indictment against the defendant charg-
ing him in count one with grand theft, in count two with
a violation of the Corporate Securities Act (Stats. 1917,
p. 673), for having sold securities without a license, and in
count three with violation of the same statute in acting as
a broker and conducting a brokerage business without a
license. At the close of the testimony offered by the prose-
cution the second count of the indictment was dismissed.
Verdicts of guilty were returned by the jury upon the other
two counts. The defendant made a motion for a new trial,
which was granted "on the ground of the insufficiency of the
evidence." The People prosecute this appeal from the order
granting the new trial.

The complaining witness as to count one was Carl Fuhr-
ken. It is to be noted that the district attorney, as well
as counsel for the defense, elicited the larger share of the
testimony of this witness by asking leading questions. It
is also observed that this witness, who gave the most dam-
aging testimony against the respondent, contradicted him-
self on several occasions. During the examination of his
divorced wife, a graduate nurse, it developed that she had
been appointed guardian of his estate and person. She also
testified that Mr. Fuhrken was mentally and physically sick;
that this sickness had been coming on for two or three years;
that she signed the petition to have herself appointed guard-
ian. Without giving full credence to the testimony of the
complaining witness it must be conceded that the testimony
respecting count one makes it doubtful whether the respond-
ent is guilty. This assertion is made after a review of the
record and having in mind that the testimony as it appears
on the printed page may be sufficient to support the verdict.

■ Under these circumstances, when the motion for a new trial came before the trial judge, he said that he wanted to see, and he secured and read, the order adjudging Carl Fuhrken to be incompetent. This order had not theretofore been introduced and appellant complains of this action of the court, saying that it abused its discretion in receiving evidence outside the record. There might be merit in this contention of the appellant had not Mrs. Fuhrken testified without objection and without contradiction to her appointment as guardian, and to the fact that the witness was mentally and physically sick. She having testified, however, to those facts, the order was merely cumulative evidence thereof, and while it may have been erroneous for the trial judge to have inspected the order, the error certainly cannot be said to have been prejudicial or harmful.

■ Appellant also urges that the trial court erred in granting a new trial on the ground that the witness Carl Fuhrken was incompetent to testify. It is true that the court indicated during a discussion with counsel that the testimony of an incompetent was not the character of evidence upon which to send a man to the penitentiary, but he afterward said, ''The court is in a position that it cannot sit here and ignore the question at issue as to the insufficiency of the evidence and so overlook the fact that it is the court's duty to see what the evidence is and that it cannot send a man to the penitentiary on evidence that is not sufficient.'' But even though this statement were not a part of the record we should be compelled to assume that the court granted the new trial upon the ground set forth in the order, to wit: ''The insufficiency of the evidence,'' and that he correctly applied the law in testing its sufficiency. ■ Undoubtedly he had the authority and it was his duty upon this motion to take into consideration the manner in which the witness testified, the contradictory statements, and the facts testified to by Mrs. Fuhrken without contradiction or objection that the witness was mentally sick and that she had been appointed his guardian, for the purpose of determining the degree of credibility to be attached to his statements. ■ Counsel for appellant say that no objection was made by the defendant during the trial to the competency of the witness, and that respondent did not request the privilege of examining him upon his *voir dire*. No objection

was in fact made, but this does not militate against the right of the jury in the first instance, and the trial judge upon the motion, to weigh his testimony in the light of all the surrounding circumstances. The record is barren of showing that the trial judge finally excluded the testimony of Fuhrken from consideration in weighing the evidence on the motion. In so far as it is urged that respondent did not request the right to examine the witness to test the degree of his competency and credibility it must be borne in mind that the entire examination constituted such a mental inspection. What we have already said disposes of the contention of appellant that the court erred while ruling upon the motion by holding as a matter of law that grand theft may not be committed where a promissory note is given in exchange for the article alleged to be stolen. We cannot say that the court so ruled. Furthermore, we do not interpret his remarks as so holding, but merely that where the note is given in good faith it is an ordinary business proposition. ■ In view of the reliance by appellant upon the authority of *People* v. *Hennessey*, 201 Cal. 568 [258 Pac. 49], which, in effect, declares if the verdict of the jury is supported by direct evidence it must be given full faith and credit, we must direct attention to the fact that while this rule of law applies to the consideration of the evidence by appellate tribunals the trial judge in considering the testimony for the purpose of passing upon the motion for a new trial is not restricted to any such narrow limits. ■ The broad discretion with which the trial judge is clothed, and which we have already indicated, is well expressed in the case of *People* v. *Canfield*, 173 Cal. 309 [159 Pac. 1046], as follows: "The judge who presided at the trial of the cause, who heard the testimony, who observed the jurors and had an opportunity also of testing the truth of the defendant's statements by noticing his demeanor, was in a peculiarly favorable position for determining justly the question whether or not the defendant had been accorded a fair trial. We cannot follow the mental processes of the judge. He may have been profoundly impressed with the influence upon the jury, to Canfield's injury, of the introduction of the evidence tending to prove another offense. Or he may have doubted the identification by the witnesses for the prosecution of Canfield as the man who passed as Rabild in the transac-

tions leading to the sale of the note and mortgage. We can hardly manufacture in fancy a hypothetical situation in which a reviewing court would be justified in questioning the discretion of a trial court who should grant a new trial in a case involving a criminal charge. Surely there is no basis in the case before us for the substitution of the discretion of this court for that of the superior court. We must assume that the learned judge of the trial court acted with a full appreciation of his duties and obligations, with the cited section of the Constitution in mind, and that the conclusion which he reached was not governed by any idle nor any mere technical reasons."

█ As respects the third count of the indictment it is apparent that the trial judge entertained a doubt concerning whether the defendant was merely buying stock for himself and reselling when opportunity afforded or whether he was actually engaged in the business of a stock broker. We cannot say from the evidence that the trial judge could not properly entertain such a doubt and it would serve no useful purpose for us to discuss further the only point urged by appellant to warrant a reversal of the order as to this count, to wit, that the evidence was sufficient to support the verdict of the jury.

Order affirmed.

Works, P. J., and Craig, J., concurred.