[Crim. No. 1571. First Appellate District, Division Two.—March 26, 1930.]

THE PEOPLE, Respondent, v. JOSEPH M. MACBETH, Appellant.

Frederick Dubovsky for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—In the information the district attorney pleaded five separate counts alleging five different

acts of forgery. He also alleged two prior convictions. On his arraignment the defendant pleaded not guilty to each of the five counts alleging forgery, but admitted the prior convictions. The jury returned verdicts of guilty on counts 1, 3, 4 and 5. The defendant moved for a new trial. The motion was denied and from the judgment of conviction and the order denying him a new trial the defendant has appealed.

It was the theory of the prosecution that the defendant wrote the instruments pleaded in the information and signed the names, but the names so signed were names of fictitious persons, natural or artificial. The defendant contends that the evidence was wholly insufficient to show that any of the persons, natural or artificial, were fictitious. The district attorney called Martha E. May. She testified that the instrument set forth in the first count was cashed by her at the request of the defendant and that the instrument set forth in the second count was likewise cashed by her. He called Henrietta Rudawsky, who testified that the instrument set forth in the third count was at the request of the defendant cashed by her. He called Marguerite Pius, who testified that the instrument set forth in the fourth count was at the request of the defendant cashed by her. He also called Arabella Clark, who testified that the instrument set forth in the fifth count was cashed by her. Each of these transfers occurred in Berkeley, Alameda County, all within a space of a few blocks of each other and within a period of four days and under almost identical circumstances. Except as to the amount and the date each instrument was as follows:

"May 20, 1929

"Security Bank & Trust Co. of Long Beach, Calif., Pay to the order of A. W. WOODSON

"Thirty five and no/100 ———— Dollars.

"Value received and charge the same to account of

"W. J. SUTHERLAND

"Cashier.

"To Southern Bond Corp.,

"No. 3372 Long Beach, Calif."

Each draft, together with indorsements thereon, was offered in evidence. Mr. C. C. Jameson was called as a witness. He testified that he is assistant cashier of the

Security First National Bank of Long Beach; that on April 1, 1929, Security Trust and Savings Bank of Long Beach was merged with Los Angeles First National Bank and thereafter it was called Security First National Bank. He further testified that there has never been at Long Beach a bank named Security Bank and Trust Company; that there is not now, and has not been for seven years, a concern called Southern Bond Corporation; and that he had made inquiry and that there is no person at Long Beach by the name of W. J. Sutherland, and that there is no W. J. Sutherland acting as cashier of any bank at Long Beach. The next witness called was R. W. Foraker, an officer of the Berkeley police department, who identified a signature "J. M. Macbeth" and that signature was received in evidence as an exemplar. Mr. E. O. Heinrich qualified as a writing expert. That witness was shown the drafts pleaded in counts 1, 3, 4 and 5 and also the exemplar. He testified that the handwriting on each of said drafts was written by the same person who wrote the exemplar. The next step taken by the prosecution was to call Mr. W. J. Wilson, an inspector of the Berkeley police department. That witness testified that on the twenty-sixth day of December, 1929, he and Officer Woods of his department and Inspector Becker held a conversation with the defendant in the Berkeley City Hall. At that time the witness showed the defendant the drafts pleaded in counts 1, 3, 4 and 5 and the defendant stated that he wrote each one, and further stated that "the drafts were all fake—names and everything." Continuing, the defendant stated that in his room in the Hotel Galt in San Francisco could be found certain red rubber stamps. Thereupon the officers went to the room and obtained certain stamps which the witness offered in evidence. The foregoing evidence shows a complete case against the defendant on the theory that the names were names of fictitious persons. Before the confession was offered in evidence there was some evidence of the *corpus delicti*. There was also *prima facie* evidence that the names were the names of fictitious persons. (*People* v. *Carmona*, 80 Cal. App. 159, 165 [251 Pac. 315].) The latter evidence was in the nature of negativing the fact that W. J. Sutherland was at Long Beach. It may be granted, as the defendant contends, that no witness had testified that W. J. Sutherland was not in Alameda County. The prosecu-

tion was in the act of proving a negative. It will hardly be contended that the prosecution was bound to produce a witness who had searched every spot on earth. However, it will be conceded that the prosecution was bound to introduce some evidence tending to support the negative. When a party is attempting to prove a negative slight evidence is sufficient. (10 Cal. Jur., pp. 789, 1149 and 1158.) We are unable to say that the showing made by the prosecution in the instant case did not meet that rule prior to the introduction of the evidence of the confession, and, when the confession was introduced, the proof was abundantly sufficient to support the verdict rendered by the jury. We find no error in the record.

The judgment and order are affirmed.

Nourse, Acting P. J., and Burroughs, J., *pro tem.*, concurred.