[Crim. No. 1681. Third Appellate District.—September 29, 1939.]

THE PEOPLE, Appellant, v. M. TAGAWA, Respondent.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Appellant.

Edgar B. Harvey and Walter T. Tsukamoto for Respondent.

TUTTLE, J.—This is an appeal taken by the People of the State of California, from an order granting a new trial after conviction of defendant of the crime of second degree murder.

The evidence shows that on December 30, 1927, the deceased, H. Arakawa was in what was known as the Japanese Social Club, which was located upstairs above the premises known as 308 L Street, Sacramento, California, between the hours of 11:00 and 11:30 P. M.; that at said time and place the defendant Mr. Tagawa was with other Japanese men in said club; that the deceased left the rear of the Japanese Social Club, descended some stairs to the rear yard of said premises, and that immediately thereafter the said defendant followed him with a Japanese known as Kanei or Kan. The evidence shows that after Arakawa had gotten down into the rear yard, two eye-witnesses, G. Tomita and Ben J. Nakada, saw the defendant fire two shots into the deceased, the man Kanei or Kan standing alongside of defendant, and that after the deceased had gone down, the defendant fired two more shots into him, which resulted in his death.

After the shots were fired the defendant and his companion Kan turned back and ran through a chop suey house at 308 L Street, located immediately under the said Japanese Social Club, where he and Mr. Kan were recognized by Mr. K. Matsumota, who conducted the chop suey house at that time.

A clearer case of murder would be hard to find. There were two eye-witnesses to the crime, and they positively identified defendant as the killer. Several other witnesses testified that defendant was at the scene of the crime. It was not, with these witnesses, the matter of a fleeting glance at defendant. These witnesses were in the same room of the Japanese Social Club with defendant, and had been there with him for some time. The murder was committed in typical gangster style. Deceased was seen leaving the rear door of the room, in company with defendant and two of his confederates. They all descended a stairway at the rear of the building. When the ground was reached, defendant proceeded with the execution. To insure success of the undertaking, he fired

two additional shots into the prostrate body, according to the testimony of two eye-witnesses.

The record shows that while the motion for new trial was based upon all statutory grounds, including the insufficiency of the evidence, the only matter presented to the trial court was newly discovered evidence. No other point was argued or presented by defendant. He stated his position in the following language: "I do not propose to argue any other grounds, so I do not wish that to be taken as a waiver of it. I don't believe there are other grounds urged; however, I have nothing to present to the court on those other matters." He then proceeded to present the matter of newly discovered evidence.

At the conclusion of the argument the trial court granted the motion for new trial in general terms, and without any restrictions whatever as to the ground or grounds upon which the motion was granted.

The State now contends that, by his conduct upon the hearing of the motion, as exemplified in the portion of the transcript quoted above, defendant is precluded from contending here that the motion was granted upon the ground of the insufficiency of the evidence, and that we may not assume here that the motion was granted upon that ground. The evidence is conflicting to the extent that defendant testified that he was in Los Angeles at the time the crime was committed, and he testified that he did not kill decedent. The newly discovered evidence, in support of an alibi, was based upon affidavits of several Japanese, which may reasonably be construed as indicating that defendant was in Los Angeles at or about the time of the shooting. The law is contrary to the view of the State. Where the insufficiency of the evidence is specified as one of the grounds of new trial, and the order granting the motion for new trial is *general* in its terms, with no specification of any particular ground, we must presume that the new trial was granted upon the insufficiency of the evidence. This is the rule, even though the trial judge, in its *opinion*, excluded that ground,—(*People* v. *Ray*, 91 Cal. App. 781 [267 Pac. 593], where numerous cases are cited,—and even though the entire argument on the hearing of the motion is directed toward, and based upon the ground of newly discovered evidence. (*Webster* v. *Suiter*, 15 Cal. App. 390 [114 Pac. 1007].)

██ "A motion for new trial is addressed to the sound legal discretion of the trial court, and its action will not be disturbed upon appeal except in an instance manifesting a clear and unmistakable abuse of such discretion." (8 Cal. Jur., p. 424, sec. 463.)

"If the verdict had been allowed to stand we would have been compelled to say that it was amply supported by the evidence as all the testimony offered by the State tended to show a deliberate effort on the part of the defendant to proceed in violation of the terms of the Corporate Securities Act. However, discretion has been reposed in the trial judge to pass upon the evidence, notwithstanding the verdict of the jury, and the rule has become fixed that when the trial judge, having reviewed the evidence, reaches the determination that a miscarriage of justice has resulted it is his province to grant a new trial. The function of an appellate court on an appeal from an order granting a new trial in a criminal case is stated in *People* v. *Brooks,* 90 Cal. 174 [27 Pac. 72], where the court said: 'and when one of the grounds upon which it (a new trial) is asked is that the verdict is contrary to the evidence given in the cause, the action of that court in granting the motion will not be reversed by this court, unless the record clearly shows that there was no evidence which conflicted with that upon which the verdict rested.' The order is affirmed." (*People* v. *Hebern,* 84 Cal. App. pp. 661, 662, 663 [258 Pac. 432].) The latter case is directly in point here. If this verdict had been allowed to stand, we would have been compelled to say, after an examination of the entire record, that it was amply supported by the evidence. ██ Since, however, the evidence is conflicting, it cannot be said that the trial court abused its discretion.

We deem it unnecessary to discuss the question as to whether or not the order appealed from could be based upon the ground of newly discovered evidence. If the trial court, in its order, had specified that ground as the only one upon which said order was made, a more serious question would have been presented.

The order is affirmed.

Deirup, J., *pro tem.,* and Thompson, Acting P. J., concurred.