[Crim. No. 1945.   Third Dist.   Apr. 15, 1946.]

THE PEOPLE, Respondent, v. JUANITA W. JACKSON, Appellant.

George E. Foote for Appellant.

Robert W. Kenny, Attorney General, and James O. Reavis, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment of conviction on a verdict of the jury finding her guilty of the crime of manslaughter, and from the order denying a motion for new trial.

By an information filed by the District Attorney of Sacramento County defendant was charged with the crime of murder, to wit, the unlawful killing of her husband, Sumner H. Jackson. Two trials ensued. The first resulted in a disagreement, and the second in a verdict of manslaughter. Her motion for a new trial was denied, and she was sentenced to the California Institution for Women at Tehachapi for the period prescribed by law. Thereafter she filed her notice and appeal, and, although not separately stated, her assignments of error in effect contain three charges: (1) That the evidence was insufficient to sustain the verdict; (2) that the trial court erred in admitting, over her objection, certain testimony; (3) that the trial court erred in admitting over her objection a photograph connected with such testimony.

We find no merit in defendant's first contention. Her sole defense to the admitted killing was that of self-defense. The argument which her counsel has addressed to us upon this issue concerns the threats made upon the life of defendant by her husband, his general demeanor on the day of the shooting and his actions immediately prior thereto, matters which were all presented to the jury. It is not the province of this court to weigh the evidence. That is the function of the jury in the first instance and of the trial court after the jury has concluded its deliberations and a verdict has been reached. Where, as in the present case, the jury has found against the defendant and the trial court has denied a motion for a new trial, such conclusions will not be set aside on appeal on the ground of insufficiency of the evidence where it is not made to clearly appear "that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

We likewise find no merit in defendant's second charge of alleged error, i. e., admitting testimony that holes in a sheet covering deceased's body corresponded with the wounds in the body. The testimony in question was given by a deputy sheriff who testified that on the evening of the shooting he and a companion officer were directed to the motor court where the defendant and her husband lived; that upon entering the room he found the deceased lying upon a bed in a dying condition; that he assisted with the taking of a photograph of deceased at the county morgue; that a second photograph exhibited to him was of a scene posed by himself and correctly portrayed the position in which he found the deceased when he entered the room; that the latter photograph also correctly portrayed the position of a sheet upon the decedent's body; and that the sheet admitted in evidence was the one which covered the deceased at that time. Upon cross-examination he was asked if the posed photograph of himself in the same bed where he found the deceased was based upon his recollection of how the deceased looked at that time, and he answered that it was. Thereafter, on redirect examination the officer was asked if he had observed the holes in the sheet and the wounds on the body of Mr. Jackson. His reply was that he had. He was then asked by the prosecution, "Where were those holes in relation to the wounds on the man's body?

A. Well, the holes were right over the wounds.'' On recross the witness testified that the wounds were to be observed very easily when he sat down (presumably on the edge of the bed) and looked at the body.

It is likewise contended—and this is defendant's third charge of error—that her objections to the admission of the posed photograph should have been sustained, in that it was irrelevant and misleading; and in support of this contention counsel has relied upon the case of *People* v. *Maughs,* 149 Cal. 253 [86 P. 187]. That case involved the introduction in evidence of a woodcut which had been reproduced from a newspaper photograph taken and posed by two men neither of whom ''ever saw the body of the dead man on the porch.'' An entirely different situation is disclosed in the present case. The photograph properly was admitted upon the testimony of one who personally saw the deceased, who observed the position in which he lay on the bed, and who testified that the photograph correctly portrayed the conditions in the room as he found it. In the case last cited, the court, at page 264, stated the general rule to be that ''The rules of evidence in civil actions are applicable to criminal actions (Pen. Code, sec. 1102), and, under proper restrictions of proof, models, facsimiles, and photographs are admissible in criminal as well as in civil cases.'' This court, following this well established rule, held in the case of *People* v. *Sambrano,* 33 Cal.App.2d 200, at 213 [91 P.2d 221], that the trial court did not err in admitting photographs ''to show the nature of the surroundings where the homicide occurred. Courts are authorized to receive in evidence photographs in the same class as diagrams, when they accurately depict the locality of the crime, together with weapons, objects and physical conditions which are unchanged in status or in relation to other surrounding conditions as shown at the trial by accompanying testimony. (*People* v. *Phelan,* 123 Cal. 551, 564 [56 P. 424]; *People* v. *Crandall,* 125 Cal. 129, 132 [57 P. 785]; *People* v. *Mahatch,* 148 Cal. 200, 203 [82 P. 779]; *People* v. *Grill,* 151 Cal. 592, 598 [91 P. 515].)''

The judgment and the order are affirmed.

Adams, P. J., and Thompson, J., concurred.