[Crim. No. 1574.   Fourth Dist.   Jan. 27, 1961.]

THE PEOPLE, Appellant, v. JOE BATTLE, Respondent.

Lowell E. Lathrop, District Attorney, and Charles E. Ward, Chief Trial Deputy District Attorney, for Appellant.

Edward P. Foley, Public Defender, and Edward F. Buckner, Deputy Public Defender, for Respondent.

GRIFFIN, P. J.—Defendant-respondent was convicted by a jury of the crime of forgery, i.e., violation of Penal Code, section 470. Plaintiff-appellant appeals from an order granting a motion for a new trial on the grounds of insufficiency of the evidence.

The evidence produced shows that a licensed public accountant, one Jackson, had a contractor client named Weston B. Nunn. Jackson maintained his client's books and kept all of his records in his office, including blank checks and a check protector with a certain registry number. All checks written for Nunn's business were written in Jackson's office.

On April 15, 1960, Jackson's office was broken into and among other things taken were some of Nunn's blank checks and the check protector. Three of these stolen checks were later filled out by someone. They were drawn on the First Western Bank, Arcadia office. They were purportedly signed

by Weston B. Nunn as maker and were made payable to defendant Joe Battle. They bore the imprint of the check protector and its identification number and in the upper left-hand corner of each check were figures indicating gross amount earned with various deductions reducing the sum to $77.10.

On May 28, 1960, defendant presented one of these checks, dated May 27, 1960, to one Kassell, operating a clothing store in San Bernardino. Defendant had been known to Kassell for several years. He told Kassell that he had been working for this contractor in the Arcadia area. Kassell cashed the check after defendant endorsed it and gave defendant cash after deducting the price of certain merchandise purchased.

Previously, on May 27, defendant had presented a similar check, in a like amount, to one Mineo, operator of a liquor store in San Bernardino. Defendant endorsed it and it was cashed. On the same day he presented a similar check to one Johnson at a market in Fontana and it was likewise endorsed and cashed.

The accountant Jackson testified that he was familiar with the signature of Weston B. Nunn and that the purported signatures on the checks were not Mr. Nunn's; that the check protector number on the checks was the same as that on Nunn's check protector and that the checks identified by these individuals as being passed by defendant were among the blank checks taken from his office. He further testified that Nunn's checks required two signatures before they would be honored at the bank on which they were drawn.

Defendant was arrested and on June 9, 1960, a deputy sheriff had a conversation with him in the county jail and defendant there signed a document containing certain admissions in reference to these checks. When this evidence was offered, counsel for defendant objected to the admission of this testimony and evidence, claiming the corpus delicti had not been established, in that there had been no proof by the prosecution that Weston B. Nunn had not authorized defendant or anyone else to sign his name to these checks which had been passed by defendant. After considerable discussion and submission of authorities, the trial judge overruled the objection. Thereafter the officer testified he had two of these checks in his possession, showed them to defendant and asked defendant how he obtained them, where he cashed them and what he received in return. He testified that defendant told him he had been in a pool hall in Pasadena on May 27 and was ap-

proached by a fellow he had known for some time named Herman Dean, and Dean asked him if he had an operator's license and he produced it; that Dean, knowing defendant had had some experience on checks, asked if defendant wanted to make some money and defendant said that he did; that they went to a house in Duarte; that he gave Dean his operator's license and Dean went into the house and later came out with a stack of checks and he saw that several of them had been made out to him and that they were check-protected; that he went to the two stores indicated and cashed two of the checks and split with Dean the money he received in cash; that he said he had not seen Dean since; that he had been drinking and did not remember the third check cashed. He admitted endorsing the three checks made payable to him and claimed he did not know where Dean lived; that thereafter defendant signed a writing stating this conversation in general and that he did not sign the name Weston B. Nunn on the checks. The last paragraph of this writing, which was received in evidence, stated: ''I knew when I passed the checks that they were worthless'' or no good.

Thereafter counsel for defendant moved to strike all of the officer's testimony on the ground that no corpus delicti had been established, in that no lack of authority to sign the name was produced by the prosecution prior to the admission of this testimony, and stated that there was no evidence that defendant knew the checks were stolen or forged or that defendant passed them with intent to defraud. After citation of authority, the motion was denied. Defendant failed to take the witness stand and testify. He previously had admitted three prior felony convictions, one for forgery on August 30, 1954, another on April 8, 1955, for issuing fictitious checks, and a third conviction on February 3, 1958, for issuing a check without sufficient funds. He also admitted having served separate terms in the state prison therefor. The jury convicted the defendant on the charge.

Defendant's counsel made an oral motion for a new trial on all statutory grounds but basically ''on the question of admission and confession.'' Apparently most of the argument was directed to this latter claim and lack of proof of corpus delicti to admit the admissions. After examination of considerable authority, the trial judge then granted the motion and stated that the People did not carry the burden of all the essential allegations of the information. There was no signed order granting the motion but the minute order entered re-

cited: "Counsel present their respective arguments to the court upon the defendant's motion for a new trial based upon the grounds of insufficiency of the evidence. Said motion for new trial is by the court granted."

We must assume the order granting a motion for a new trial was properly based on insufficiency of the entire evidence to support the verdict. (*People* v. *Mattmueller,* 25 Cal.App. 2d 418 [77 P.2d 504]; *People* v. *Tagawa,* 35 Cal.App.2d 14 [94 P.2d 354]; 36 Cal.Jur.2d, § 165, p. 375.)

There is authority to the effect that there are four basic elements to the offense of forgery, namely: (1) that the defendant issued and passed a forged and counterfeit document, knowing it was forged and counterfeit; (2) that the person whose name is alleged to be forged is a real person; (3) that his name as signed to the instrument was not his signature; and (4) that the signature was placed on the instrument without his authority and the check was a false instrument. (*People* v. *Mitchell,* 92 Cal. 590 [28 P. 597, 788]; *People* v. *Whiteman,* 114 Cal. 338 [46 P. 99]; *People* v. *Hidalgo,* 128 Cal.App. 703 [18 P.2d 391]; *People* v. *Cullen,* 99 Cal.App. 2d 468 [221 P.2d 1016]; *People* v. *Hassen,* 144 Cal.App.2d 334 [301 P.2d 80], and other cases cited therein.)

It is equally true that in proving the corpus delicti of the crime, it is not essential that the prosecution establish the corpus delicti by proof of a clear and convincing character, such as would be required to support a conviction. (*People* v. *Macbeth,* 104 Cal.App. 690 [286 P. 448]; *People* v. *Cullen, supra,* 99 Cal.App.2d 468; and *People* v. *Hassen, supra,* 144 Cal.App.2d 334, where it is said, "Slight or prima facie proof is all that is necessary."

It is well established that such proof need not be shown directly, but can be proved by the circumstances surrounding the alleged offense, or by inferences reasonably to be drawn therefrom. (*People* v. *Cowan,* 38 Cal.App.2d 231 [101 P.2d 125]; *People* v. *Wilt,* 40 Cal.App.2d 124 [104 P.2d 387]; *People* v. *Shapiro,* 40 Cal.App.2d 321 [104 P.2d 688].) In order to establish proof of the corpus delicti in a forgery prosecution, it is not always necessary to show by the testimony of the maker of the instrument himself that authority was not given. In many cases it has been held that in the absence of such maker as a witness, lack of authorization may be proved circumstantially. (*People* v. *Stoddard,* 85 Cal. App.2d 130 [192 P.2d 472]; *People* v. *Cline,* 79 Cal.App.2d 11 [179 P.2d 89]; *People* v. *Cullen, supra,* 99 Cal.App.2d 468.)

■ On appeal from an order granting accused's motion for new trial, evidence is not viewed in the light most favorable to the prosecution, but the presumptions favor the order. (*People* v. *Brown,* 79 Cal.App.2d 383 [179 P.2d 652].)

■ . The *weight* of the evidence is for the jury in the first instance and for the trial court after the jury has concluded its deliberations and a verdict has been reached, and does not come within the province of the reviewing court. (*People* v. *Jackson,* 74 Cal.App.2d 22 [167 P.2d 776].)

■ In the instant case, the evidence establishes the fact that each of the three checks introduced into evidence was stored at the office of the accountant; that each check, together with many others, was stolen from the accountant's office together with the check protector, and that in each instance the checks were check-protected by using the particular check protector stolen as referred to herein. The evidence further establishes that Mr. Jackson, the accountant, was personally familiar with the signature of Mr. Nunn and it was established that the signature on each of the checks was not Mr. Nunn's signature. Additionally, each of the checks was made to the order of Joe A. Battle, the defendant. All were dated the same date and all were in the same amount. Each of said checks appeared on its face to be a payroll check. The defendant passed each of the three checks at a place of business in San Bernardino County on the dates shown on the face of each check, or the day following. Even though there was no direct evidence on the question of lack of authority, it is our conclusion that a strong case of circumstantial evidence was presented sufficient to show the corpus delicti of this offense, and, accordingly, it was not error to admit the conversation and admissions of the defendant. It might well appear that in the absence of any contrary showing, the verdict might have been supported. In *People* v. *Cullen, supra,* 99 Cal.App.2d 468 (hearing denied by the Supreme Court), this court considered a similar question where the name of the payee to a check was forged by the defendant and it appeared, from all the suspicious circumstances established, that the payee was probably dead. There, defendant signed his name as endorser in a disguised handwriting. The claim there made was that there was no evidence produced by the prosecution that the payee had not authorized defendant to sign his name to the check. We there held that where one is accused of forgery and admits that he endorsed the payee's name on the instrument, but claims he had the authority of the payee to do so, very slight

evidence is required to establish the corpus delicti, and that in a prosecution for forgery, the corpus delicti having been established, the conviction was adequately supported by defendant's admissions as to the lack of authority to sign payee's name. To the same effect is *People* v. *Macbeth, supra,* 104 Cal. App. 690; *People* v. *Stoddard, supra,* 85 Cal.App.2d 130; *People* v. *Cline, supra,* 79 Cal.App.2d 11; *People* v. *Luizzi,* 187 Cal.App.2d 639 [9 Cal.Rptr. 842].)

Appellant also argues that the so-called rule of convenience or necessity applies in forgery cases and should apply here. In *People* v. *Cullen, supra,* 99 Cal.App.2d 468, 475, this rule was discussed and held to apply in certain cases under certain stated facts and circumstances. See also *People* v. *Agnew,* 16 Cal.2d 655 [107 P.2d 601]; *People* v. *Cline, supra,* 79 Cal. App.2d 11; *People* v. *Caldwell,* 55 Cal.App.2d 238 [130 P.2d 495]; *People* v. *Hassen, supra,* 144 Cal.App.2d 334. The rule is bottomed on the theory of a sufficient showing that where the subject matter of a negative averment in the information, or a fact relied upon by the defendant as a justification or excuse, relates to him personally or otherwise lies peculiarly within his knowledge, the general rule is that the burden of proof of such an averment or fact is upon him. (*People* v. *Cullen, supra,* 99 Cal.App.2d 468, 475, and cases cited.)

While the circumstances here presented may have been sufficient to bring this case within this rule, we are bound by the rule that the weight of the evidence is for the jury in the first instance and for the trial court after the jury had concluded its deliberations and a verdict has been reached. The question of the weight of the evidence does not come within the province of the reviewing court. (*People* v. *Jackson, supra,* 74 Cal.App.2d 22.)

Had the trial court denied the motion for new trial and had the question before us been definitely limited to the question as to whether the corpus delicti had been sufficiently established to admit the admissions of defendant, our inclination would be that there had been a sufficient showing to admit them, but here, we have a new trial granted by the trial judge on the question of the sufficiency of the entire evidence to support the verdict. ■ It is a general rule that when there is a reasonable doubt as to the sufficiency of the evidence to support a conviction, a reviewing court will not disturb the order granting a new trial unless it clearly appears that the trial judge abused his broad discretion. (*People* v. *O'Moore,* 83 Cal. App.2d 586 [189 P.2d 554].) ■ Where a new trial is

granted, the presumption is in favor of the order and against the verdict. It is presumed therefore, unless the contrary is made to appear, that the trial court properly exercised its discretion in granting the new trial.

While the trial judge may have intended to limit the review of the evidence to the question of the sufficiency of the evidence to prove the corpus delicti, the general order granting a new trial on the ground of insufficiency of the evidence to support the verdict is not so limited. The order entered in the minutes is the only record of the court's action and its extent is limited only by its own terms. There is no limitation here indicated. We are therefore not confined to the arguments presented to the court as to the reasons why the new trial should be granted. (*Fechtner* v. *Costa,* 16 Cal.App.2d 691 [61 P.2d 473].)

It is to be noted that the prosecution failed to produce Mr. Nunn as a witness to establish the fact that he did not authorize the use of his name on the checks involved. There is no evidence as to any reason for this failure so to do. There is no showing that he was possibly not alive, as was the showing in the Cullen case, or that he was unable to testify in court on the subject. We cannot know what factual doubts were raised in the mind of the trial judge by the unexplained absence of Nunn.

Considering these facts and all of the evidence, in the light of the above rules, the trial court may have been justified in believing that the prosecution had failed to sufficiently establish, by either direct or circumstantial evidence, that Mr. Nunn had not given defendant or anyone else authority to sign his name to these checks. The fact that Nunn was not called to testify to this fact in the instant action may well have aroused some factual doubt in the trial judge's mind as to whether defendant did have authority so to do. Although it might well appear to us that the person who signed the checks had no authority to sign this name, the trial judge had the right to reweigh the evidence as to this question even though the jury rendered a verdict against the defendant. No abuse of this discretion affirmatively appears.

Order granting new trial affirmed.

Shepard, J., and Coughlin, J., concurred.